Name: Arthur Minas

Address: 3620 Pacific Coast Hwy, Suite 100

Torrance, CA 90505-6018

Phone: 310-955-1360

Fax: arthur@minaslaw.com

In Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN ROSSANA BOBADILLA<br><br>Plaintiff<br><br>v.<br><br>KRISTI NOEM; JOSEPH B. EDLOW; PAM BONDI<br><br>Defendant(s). | CASE NUMBER:<br><br>To be supplied by the Clerk of<br>The United States District Court<br><br>**COMPLAINT** |

## INTRODUCTION

COMES NOW EVELYN ROSSANA BOBADILLA, (hereinafter "Plaintiff BOBADILLA" or "Plaintiff") by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff BOBADILLA is a citizen of Ecuador who was granted asylee status in the United States on December 29, 2022. Having accumulated one year or more of time in asylee status, she has the right to apply for permanent resident status by filing Form I-485, Application to Register Permanent Residence or Adjust Status ("Application").

2. This action is brought as a result of Defendants' failure to adjudicate Plaintiff BOBADILLA's Application within a reasonable period of time. The Application has been in pending status since November 20, 2023, for a period of over one year and ten months (over 22 months or 691 days). Plaintiff BOBADILLA has a clear right to the adjudication of her application within a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary

task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate Plaintiff's Application, as most, if not all, USCIS Field Offices are fully operational at this time and conducting in person interactions; as such, COVID-19 related issues do not prohibit an officer's ability to adjudicate Plaintiff's Application.

4. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants, and those acting under them, to take action on Plaintiff BOBADILLA's Application.

## PARTIES

5. Plaintiff EVELYN ROSSANA BOBADILLA is a citizen of Ecuador and for purposes of the instant action she is a resident of resident of Ventura County, California. She is the applicant of a properly filed Form I-485, Application to Register Permanent Residence or Adjust Status. (Receipt # MSC2490182040)

6. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7. Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

8. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to Plaintiff BOBADILLA. This Court has

additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, et seq., because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

10. Venue is proper in the District Court for the Central District of California pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiff resides, and no real property is at issue in the instant case.

**EXHAUSTION OF REMEDIES**

11. Plaintiff has repeatedly requested Defendants to adjudicate her Application. Furthermore, Plaintiff has initiated numerous inquiries directly with USCIS, as well as through Senator Padilla's Office, and the CIS Ombudsman's Office, without receiving any meaningful responses.

12. Plaintiff BOBADILLA has exhausted her administrative remedies. Plaintiff has supplied USCIS with documentation that establishes her eligibility for the approval of her Application.

13. There are no further administrative remedies available for Plaintiff to utilize.

**FACTUAL ALLEGATIONS**

14. On December 29, 2022, Plaintiff was granted asylee status.

15. On November 20, 2023, Plaintiff BOBADILLA properly filed Form I-485, Application to Register Permanent Residence or Adjust Status with USCIS (Receipt # MSC2490182040). [EXHIBIT A].

16. On November 30, 2023, Plaintiff online case status showed that her previously captured fingerprints and other biometrics has been applied to her case. [EXHIBIT B].

17. On March 31, 2025, Plaintiff BOBADILLA received a Request for Evidence from USCIS, which she responded to on April 16, 2025. Despite properly submitting the requested information, Plaintiff's online case status does not reflect that the response to the RFE has been received by USCIS.

18. Following submission of her response to the Request for Evidence ("RFE"), Plaintiff contacted USCIS telephonically and was advised to allow at least ninety (90) days before seeking further information regarding her case. After the ninety-day period elapsed, Plaintiff again contacted USCIS and was informed that her RFE response had not yet been scanned into the system. The officer created a service request for a Tier 2 officer to contact her; however, no such

contact was ever made. Plaintiff subsequently received written correspondence advising that, due to agency workload and case backlog, she should refrain from further inquiry for an additional six (6) months. Plaintiff again contacted USCIS and was able to speak with a Tier 2 officer, who merely instructed her to continue waiting. Despite Plaintiff BOBADILLA's repeated efforts to obtain information and clarification regarding the status of her case, she has not received any follow-up communication from a Tier 2 officer or any substantive update from USCIS.

19. On August 27, 2025, Plaintiff decided to resubmit her RFE response again along with evidence of the earlier submission.

20. Since the filing of her application, USCIS has not yet scheduled Plaintiff for an interview, if one is required.

21. Plaintiff has made numerous inquiries over the past one year and ten months (over 22 months or 691 days) with USCIS directly and through the CIS Ombudsman's Office and Senator Padilla's Office, requesting an adjudication of her Application, all without any resolution.

22. Plaintiff's inquiries have not resulted in any meaningful response.

23. Plaintiff's Application now continues to be pending with USCIS for over one year and ten months (over 22 months or 691 days) without any indication as to when Defendants will complete the adjudicative process.

24. The delay in making a decision on the Plaintiff BOBADILLA's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

25. Defendants have refused to provide further explanation which would merit the need for over 22 months of processing time.

26. Plaintiff has made numerous inquiries with USCIS, directly, as well as through Senator Padilla's Office and the CIS Ombudsman's Office all without any resolution.

27. Plaintiff has endured significant financial and emotional burdens as a result of the unreasonable period of time that her case has been pending without action by USCIS.

28. Furthermore, Plaintiff has been deprived of the opportunity to accumulate sufficient time as a permanent resident to qualify for U.S. citizenship.

29. Moreover, Plaintiff has incurred significant attorney's fees due to the Defendants' failure

in adjudicating Plaintiff's Application within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA – APPLICATION (FORM I-485 APPLICATION)

30. All prior paragraphs are re-alleged as if fully stated herein.

31. Plaintiff has a statutory right to apply for adjustment of status to that of lawful permanent resident by filing Form I-485, Application to Register Permanent Residence or Adjust Status pursuant to INA 209(a).

32. Defendants have a duty to adjudicate Plaintiff BOBADILLA's Application within a reasonable period of time under 5 U.S.C. §555(b).

33. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

34. No other adequate remedies are available to Plaintiff BOBADILLA.

35. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

36. Given the Defendants' lack of a reason for not making a decision on Plaintiff's Form I-485 Application for over one year and ten months (over 22 months or 691 days) Plaintiff's Application has been pending for an unreasonably long period of time.

37. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable period of time.

38. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff BOBADILLA's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

39. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff's Application, thereby depriving Plaintiff of the rights to which she is entitled.

40. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Furthermore, Plaintiff BOBADILLA has been unable to receive her permanent

resident status and has lost time which would have accrued towards her qualification to naturalize as a U.S. citizen.  In effect, Plaintiff's life is on hold due to Defendants' inaction.

41.    Moreover, Plaintiff has incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiff's Application within a reasonable period of time.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff BOBADILLA's Form I-485 Application.

2.  In the alternative, that the Court compels Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: October 10, 2025


 Respectfully submitted,

 /s/ Arthur Minas

Arthur Minas, Esq., Counsel for Plaintiff

CV-126 (09/09)    **PLEADING PAGE FOR A COMPLAINT**